## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALBERT J. CASTILLO, JR.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:16-CV-538** |
| | § | **JURY TRIAL** |
| **BEXAR COUNTY ESD NO. 2,** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

**NOW COMES** Plaintiff, ALBERT J. CASTILLO, JR. ("Chief Castillo") and files this Original Complaint complaining of Defendant BEXAR COUNTY ESD NO. 2 ("BCESD No. 2"). As described more fully herein, Defendant has wrongfully terminated Chief Castillo in violation of the TEXAS WHISTLEBLOWER ACT and has denied Chief Castillo his rights guaranteed by the Constitution and the laws of the United States of America.

### I. JURISDICTION AND VENUE:

1.      This court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction). Pursuant to the Court's supplemental jurisdiction over claims based on Texas state law in this matter, the Court has jurisdiction over state and local governmental entities pursuant to Chapter 101 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which waives governmental immunity for the claims asserted herein and grants Plaintiffs permission to sue.

2.      Venue is proper in the Western District of Texas, San Antonio Division under 28 U.S.C. § 1391(b) because the unlawful acts alleged herein were committed in this district.

## II. WAIVER OF SOVEREIGN IMMUNITY:

3.     The TEXAS WHISTLEBLOWER ACT, TEXAS GOVERNMENT CODE § 554.001 et seq., clearly and unambiguously waives any immunity of state and local governments for actions violating its provisions. TEX. GOV'T CODE § 554.0035. Plaintiff brings this suit alleging violations of the TEXAS WHISTLEBLOWER ACT and damages arising therefrom. Accordingly, any sovereign immunity Defendant may have enjoyed has been waived.

## III. PARTIES:

3.     Plaintiff, AL CASTILLO, is an individual and a citizen of both the State of Texas and the United States of America. He resides in Bexar County, Texas.

4.     Defendant, BEXAR COUNTY ESD NO. 2, is a corporate and political subdivision of the State of Texas. Incident to its duties as a municipal corporation, Bexar County organized and maintained, at all times material to Plaintiff's complaints, the Emergency Services District (ESD) complained of herein. The responsibility for the selection, training, supervision, and operation of this ESD and its employees was borne by the County acting through its duly elected and appointed administrative representatives. BEXAR COUNTY ESD NO. 2 may be served with summons upon County Judge Nelson W. Wolff, 101 W. Nueva, 10th Floor, San Antonio, Texas 78205.

## IV. FACTUAL BACKGROUND:

5.     Plaintiff was employed by Defendant as Fire Chief for the Emergency Services District. During the time Chief Castillo was acting as Fire Chief, another employee of Defendant, and a direct subordinate of Chief Castillo, Lauren Klonek ("Ms. Klonek"), discovered that then Bexar County ESD No. 2 President, Gil Perez ("Mr. Perez") was misappropriating taxpayer funds for his personal use, committing fraud against the Defendant and Bexar County, Texas taxpayers,

and generally misusing taxpayer funds.

6.      Ms. Klonek reported her finding to Chief Castillo and beginning on or about January 5, 2015, Ms. Klonek, with Chief Castillo's assistance, filed a series of grievances relating to this fraud. The Board failed to take appropriate action addressing the fraud, and Chief Castillo and Ms. Klonek reported the violations to the Bexar County Sheriff's Office on or about July 6, 2015. On or about September 14, 2015, Ms. Klonek also met with Texas Ranger Brad Freeman, at the request of the Bexar County Director of Internal Audit, regarding the investigation. Ms. Klonek continued to push to have the fraud she discovered addressed, and filed another grievance against the BCESD No. 2 on or about February 23, 2016. Chief Castillo had been told by Defendant to "control his employee." However, the grievance filed on February 23, 2016 by Ms. Klonek ultimately resulted in both Chief Castillo's and Ms. Klonek's termination by Defendant.

### V. FIRST CLAIM FOR RELIEF: VIOLATIONS OF TEXAS WHISTLEBLOWER ACT:

**A.      Plaintiff's Status as Defendant's Employee:**

7.      Defendant hired Plaintiff to act as fire chief over Bexar County ESD No.2. The Plaintiff was a public employee within the meaning of GOVERNMENT CODE § 554.001. At all times relevant, Plaintiff was employed by Defendant.

**B.      Plaintiff's Employment Record and Qualifications:**

8.      Throughout his employment by Defendant, Plaintiff fulfilled his official obligations and satisfactorily performed his job duties. This is evidence by Chief Castillo receiving a satisfactory job performance evaluation.

**C.      Plaintiff's Report of Violation of Law to Appropriate Law Enforcement Authority:**

9.      One of Plaintiff's employees, LAUREN KLONEK ("Ms. Klonek") discovered fraud and

misuse of taxpayer funds by then Bexar County ESD No. 2 President, Gil Perez ("Mr. Perez"). Beginning January 5, 2015, Ms. Klonek filed a series of grievances relating to this fraud. The Board failed to take appropriate action addressing the fraud, and Chief Castillo and Ms. Klonek reported the violations to the Bexar County Sheriff's Office on or about July 6, 2015. On or about September 14, 2015, Ms. Klonek also met with Texas Ranger Brad Freeman, at the request of the Bexar County Director of Internal Audit, regarding the investigation. Ms. Klonek continued to push to have the fraud she discovered addressed, and filed another grievance against the Bexar County ESD No. 2 on or about February 23, 2016. This grievance resulting in both Chief Castillo and Ms. Klonek's termination by Defendant.

**D.     Defendant Discharged Plaintiff in Violation of TEXAS GOVERNMENT CODE § 554.001 et seq.:**

10.    On or about March 11, 2016, in violation of Texas Government Code § 554.001 et seq., Defendant discharged Plaintiff because of his involvement in Ms. Klonek's good faith report of a violation of the law. But for Plaintiff's exercise of his rights under the Whistleblower Act, his employment would not have been terminated. Further, the board sitting at the time Chief Castillo was terminated was not properly placed and did not have the authority to terminate Chief Castillo's employment.

**E.     Damages:**

11.    All administrative prerequisites have been fulfilled. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages in the form of lost back wages, lost future wages, compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**VI. SECOND CLAIM FOR RELIEF: VIOLATIONS OF 42 U.S.C. § 1983:**

12.    The factual allegations contained in paragraphs 5 through 6 are incorporated by reference verbatim for any and all purposes of this pleading.

13.    Acting under the "color of law," Defendant deprived Plaintiff of his constitutionally protected substantive and procedural due process rights, and denied Plaintiff the equal protection of the laws of the United State of America.

42 U.S.C. § 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[1]

**A.    Deprivation of Plaintiffs' Substantive Due Process Rights:**

14.    Plaintiff has a vested property right in his employment. *See City of Houston v. Williams,* 290 S.W.3d 260, 269 (Tex. App. – Houston [14th Dist.] 2009, pet. denied). Defendant's termination of Plaintiff's employment was arbitrary and capricious, was in clear violation of Texas Whistleblower Protections, and violated Plaintiff's substantive due process rights protected by the Fifth and Fourteenth Amendments to the Constitution of the United States.

**B.    Deprivation of Plaintiff's Procedural Due Process Rights:**

15.    When Bexar County ESD No. 2 terminated Chief Castillo's employment, the Board members were not properly appointed and had no authority to make decisions regarding Plaintiff's employment. When the Board terminated Plaintiff's employment, it denied Plaintiff the procedural due process rights contained in the Fifth and Fourteenth Amendments to the Constitution of the United States.

**VII. DAMAGES:**

---

[1] 42 U.S.C. § 1983.

16.     As a result of Defendant's wrongful and unlawful acts, Plaintiff has suffered general and special damages which include lost back wages, lost future wages, compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

17.     Further, Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a § 1983 case is entitled to recover his or her attorney's fees. Therefore, Plaintiffs further pray for all costs and attorney's fees associated with bringing this matter to trial.

**VIII. DEMAND FOR JURY TRIAL:**

18.     Plaintiff, AL CASTILLO, hereby demands a trial by jury pursuant to FEDERAL RULE OF CIVIL PROCEDURE 8(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, AL CASTILLO, respectfully requests that Defendant be cited to appear and answer, and on final trial, that the Court enter judgment for Plaintiff and against Defendant for the following:

1.     For back pay, plus prejudgment interest as provided by law, from the date of Plaintiff's termination until the date of judgment;

2.     For an award of the present value of front pay due to Plaintiff for a reasonable period following judgment, calculated as of the date of judgment;

3.     For additional compensatory damages in an amount within the jurisdiction of this Court;

4.     For reasonable and necessary attorney's fees;

5.     For interest after judgment as provided by law;

6.     For costs of suit; and

7.     For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

[*Signatures on following page.*]

Respectfully submitted,

Law Offices of Fischer & Reeves, PLLC


By: \_\_\_/s/ James M. Reeves_____
James M. Reeves
Texas Bar No. 24072514
Email:  james@fischerreeves.com
P.O. Box 593433
SAN ANTONIO, TX 78259
Tel. (210) 572-4403
Fax. (210) 417-4225
**Attorney for Plaintiff,**
**Al Castillo**